# United States Court of Appeals
## for the Fifth Circuit

_____

No. 24-50065
Summary Calendar
_____

United States Court of Appeals
Fifth Circuit

**FILED**

February 25, 2025

Lyle W. Cayce
Clerk

United States of America,

*Plaintiff—Appellee*,

*versus*

James Bernard Carson, Jr.,

*Defendant—Appellant*.

_____

Appeal from the United States District Court
for the Western District of Texas
USDC No. 5:22-CR-655-1

_____

Before Higginbotham, Jones, and Oldham, *Circuit Judges*.

Per Curiam:*

James Carson, Jr., pled guilty to possession of a firearm by a convicted felon in violation of 18 U.S.C. § 922(g)(1). On appeal, Carson argues that

_____

* Pursuant to 5th Circuit Rule 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Circuit Rule 47.5.4.

No. 24-50065

§ 922(g)(1) is an unconstitutional violation of the Second Amendment, both facially and as applied to him.[1]

Carson's facial challenge to § 922(g)(1) is foreclosed following our decision in *United States v. Diaz*. 116 F.4th 458, 471–72 (5th Cir. 2024). Carson's as-applied challenge is also foreclosed. "From the earliest days of the common law, firearm regulations have included provisions barring people from misusing weapons to harm or menace others." *United States v. Rahimi*, 602 U.S. 680, 693, 144 S. Ct. 1889, 1899 (2024). Carson was previously convicted of aggravated assault with a deadly weapon involving a firearm. As we recently explained in *United States v. Isaac*, "someone convicted of aggravated assault with a deadly weapon can be constitutionally dispossessed of a firearm." No. 24-50112, 2024 WL 4835243, at *1 (5th Cir. Nov. 20, 2024).

AFFIRMED.

---

[1] Carson also alleges that § 922(g)(1) violates the Commerce Clause and concedes that this argument is foreclosed. *E.g., United States v. Alcantar*, 733 F.3d 143, 145 (5th Cir. 2013).